```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                         WESTERN DIVISION
```

ZURICH AMERICAN INSURANCE COMPANY                              PLAINTIFF

VS.                             CIVIL ACTION NO. 5:15-cv-13(DCB)(MTP)

R.E.M. DIRECTIONAL, INC., and
PILGRIM CONSTRUCTION COMPANY, INC.                            DEFENDANTS

                      MEMORANDUM OPINION AND ORDER

This cause is before the Court on the following motions:

(1) defendant R.E.M. Directional, Inc. ("REM")'s motion for partial summary judgment **(docket entry 15)**;

(2) REM's motion to stay proceedings as to plaintiff's indemnity obligations pending outcome of underlying action **(docket entry 17)**; and

(3) plaintiff Zurich American Insurance Company ("Zurich")'s motion for summary judgment **(docket entry 25)**.

Having carefully considered the motions and responses thereto, as well as the arguments of counsel and the applicable law, and being fully advised in the premises, the Court finds as follows:

REM is a directional drilling company based in Boligee, Alabama, that uses a drilling method called "Horizontal Directional Drilling" ("HDD"). HDD is a steerable trenchless method of installing underground pipes, conduits and cables in a shallow arc along a prescribed bore path by using a surface-launched drilling rig, with minimal impact on the surrounding area. REM's co-

defendant, Pilgrim Construction Company, LLC ("Pilgrim") contracted with REM to perform HDD at a project called "2013 SESH Bayou Pierre" near Port Gibson, Mississippi ("the Project").  See Subcontractor Agreement (docket entry 1-4, p. 9); Purchase Order (docket entry 1-4, pp. 17-21).  The contract with Pilgrim called for REM to drill and install 5,474 linear feet of 42" natural gas pipe.  (docket entry 1-4, pp. 19-21).  REM timely began its work on December 2, 2013.  (Pilgrim's Daily Construction Report for December 2, 2013, docket entry 1-4, p. 24).  After experiencing some setbacks during the Project, REM completed its work on or about March 18, 2014.  REM claims that it performed its work in a workmanlike manner.  Pilgrim, however, claims that REM's work was deficient.

Pilgrim filed a civil action against REM in the Circuit Court of Jasper County, Mississippi, on April 4, 2014, and amended its complaint on May 8, 2014, by filing an "Amended Motion to Compel Arbitration and Stay this Legal Proceeding Pending Arbitration or, in the Alternative, Amended Complaint for Damages."  Pilgrim and REM subsequently agreed to submit the claims asserted in the Jasper County suit to binding arbitration before the American Arbitration Association ("AAA").  On September, 2014, Pilgrim transmitted its Demand for Arbitration to the AAA, and subsequently submitted its Statement of Claims, seeking over $2.5 million in damages from REM.  (Pilgrim Construction Company v. REM Directional, Inc., AAA Case

No. 01-14-0001-3758).

Zurich had issued a Commercial General Liability ("CGL") policy to REM on September 29, 2013, and the policy was in effect during the time of the Project. See Declarations Page for Zurich Policy (Doc. #1-1 at page 9). After Pilgrim filed its proceedings against REM, REM requested that Zurich tender a defense to REM in accordance with the terms of its insurance policy. Zurich declined REM's request for a defense, and filed the suit presently before this Court on February 9, 2015, seeking a declaratory judgment that it does not owe a duty to defend or indemnify REM against Pilgrim's claims. Zurich's motion for summary judgment (docket entry 25), presently before the Court, seeks a ruling as a matter of law:

> (1) that there is no coverage under the terms, conditions, exclusions, definitions, and other provisions of the Zurich Policy for any of the claims asserted by Pilgrim against REM in the underlying arbitration proceeding or the Jasper County suit that preceded the arbitration; (2) that Zurich does not have a duty under the Zurich policy to defend REM or reimburse REM's defense costs relative to the underlying arbitration, the Jasper County suit that preceded the arbitration, or any civil action in which REM or Pilgrim seeks review, vacatur, confirmation, or modification of the award to be rendered in the underlying arbitration proceeding; and (3) that Zurich does not have a duty to indemnify REM for any award rendered against REM in the underlying arbitration or any court judgment confirming or modifying such award.

Memorandum in Support of Zurich's Motion for Summary Judgment, p. 17.

REM has filed a Motion for Partial Summary Judgment (docket entry 15), seeking a ruling that Zurich has a duty to defend REM in

3

the arbitration proceeding, and a Motion (docket entry 17) to Stay the Court's consideration of whether Zurich has a duty to indemnify REM until the claims in the underlying arbitration proceedings have been resolved.  See Essex Ins. Co. v. Greenville Convalescent Home, Inc., 236 Fed. Appx. 49, 52 (5th Cir. 2007)(holding that "legal questions regarding coverage will be informed by the result of the trial [in the underlying litigation], and the resolution of those questions should also await its conclusion."); see also Mutual Assurance, Inc. v. Wright, 1998 WL 930705, *2 (N.D. Miss. Sept. 4, 1998)(holding that "[a] declaratory judgment action to determine an insurer's duty to indemnify its insured, brought prior to a determination of the insured's liability, is premature since the question to be determined is not ripe for adjudication."). Although REM's request for a stay concerns procedural issues, which are governed by Fifth Circuit precedent, Zurich and REM are in agreement that Alabama law governs this dispute.  REM is an Alabama company with its base of operations in Alabama, and the Zurich policy was negotiated and delivered to REM through a broker who was likewise domiciled in Alabama.

Alabama, like Mississippi, generally applies the "eight corners doctrine" in assessing whether an insurer has a duty to defend.  If the allegations reveal a claim within the policy's coverage, then the insurer must defend, regardless of whether the claims ultimately prove to be meritorious.  Ladner & Co. v. S.

4

Guar. Ins. Co., 347 So.2d 100, 102 (Ala. 1977). The Alabama Supreme Court has held:

> If the allegedly injured person's complaint against the insured alleges a covered accident or occurrence, then the insurer owes the duty to defend even though the evidence may eventually prove that the gravamen of the complaint was not a covered accident or occurrence. If the complaint against the insured does not, on its face, allege a covered accident or occurrence, but the evidence proves one, then the insurer likewise owes the duty to defend. The insurer owes no duty to defend only if neither does the complaint against the insured allege a covered accident or occurrence nor does the evidence in the litigation between insurer and insured prove a covered accident or occurrence.

Tanner v. State Farm Fire & Cas. Co., 874 So.2d 1058, 1065 (Ala. 2003)(citations omitted). "[I]n deciding whether a complaint alleges [a covered] injury, the court is not limited to the bare allegations of the complaint in the action against [the] insured, but may also look to facts which may be proved by admissible evidence is a suit for declaratory relief such as the instant case." Pac. Indem. Co. v. Run-A-Ford Co., 161 So.2d 789, 795 (Ala. 1964).

Based on this case law, the court finds that it should defer its ruling on whether there was an occurrence under the policy until after the arbitration proceeding (set to begin in November of 2015) is complete, because that proceeding may reveal additional admissible facts relevant to the duty to defend. REM's Motion (docket entry 17) to Stay the Court's consideration of whether Zurich has a duty to indemnify REM until the claims in the

5

underlying arbitration proceedings have been resolved, shall therefore be granted, and REM's Motion for Partial Summary Judgment (docket entry 15) shall be denied without prejudice.  Zurich's Motion for Summary Judgment (docket entry 25) shall likewise be denied without prejudice.

Accordingly,

IT IS HEREBY ORDERED that defendant R.E.M. Directional, Inc.'s motion for partial summary judgment **(docket entry 15)** is DENIED WITHOUT PREJUDICE;

FURTHER ORDERED that defendant R.E.M. Directional, Inc.'s motion to stay proceedings as to plaintiff's indemnity obligations pending outcome of underlying action **(docket entry 17)** is GRANTED;

FURTHER ORDERED that plaintiff Zurich American Insurance Company's motion for summary judgment **(docket entry 25)** is DENIED WITHOUT PREJUDICE.

SO ORDERED, this the 14th day of October, 2015.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE